MEMORANDUM **
Michael Seals, a California state prisoner, appeals pro se from the district court’s order dismissing his 42 U.S.C. § 1983 action alleging that parole agents and social workers violated his civil rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal under 28 U.S.C. § 1915A. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.1998) (order). We affirm.
The district court properly dismissed the action because the complaint failed to state a cognizable claim against any of the named defendants. See Lewis v. Casey, 518 U.S. 343, 354-55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (prisoners asserting access to courts claims must show actual injury); Ove v. Gwinn, 264 F.3d 817, 824 (9th Cir.2001) (“To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States ... To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress.”) (internal quotation marks omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (“There is no respondeat superior liability under section 1983.”).
Seals’s remaining contentions are unpersuasive.
*525 Seals’s pending motions are denied.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.